IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEON ANTHONY TRAVERS, #335067 :

    Petitioner :

v. :     Civil Action No. AMD-06-3391
    (Consol. No. AMD-07-78)

STATE OF MARYLAND, et al. :

    Respondents :

. . . . .o0o. . . . .

MEMORANDUM

Pending is a pro se 28 U.S.C. §2254 motion for habeas corpus relief filed by Deon Anthony Travers, an inmate at the Eastern Correctional Institution, challenging his January 21, 2006, theft conviction which based on his guilty plea in the District Court of Maryland for Charles County. Respondents have filed an answer asserting that Petitioner has yet to fully exhaust his claims in state court. Upon review of the pleadings and applicable law, the court will dismiss the petition without prejudice.[1]

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.[2] For a

---

[1] Respondent's Exhibit 2 shows that Travers pleaded guilty to robbery in the Circuit Court for Charles County during the same time period. The court imposed a 15-year sentence. If it is Travers's intention to seek habeas relief for this conviction, it too is subject to the exhaustion requirement discussed in this Memorandum.

[2] Petitioner is reminded that there is a one-year filing deadline for a 28 U.S.C. §2254 writ of habeas corpus in federal court. Petitioner must take care not to miss this deadline should he seek to refile the petition after he has exhausted state court review.

person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. In this case, petitioner did not appeal his guilty plea and it became final on May 22, 2006. *See* Petition at 2-3; Md. Rule 7-104. Petitioner has yet to initiate post-conviction proceedings.

To exhaust a claim through post-conviction proceedings, it must be asserted in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

As Travers indicates in the petition, he has yet to seek state post-conviction relief. Petition at 3. He must complete his quest for state post conviction relief in the Circuit Court and the Court of Special Appeals of Maryland before this federal court may consider his 28 U.S.C. §2254 petition as exhausted.

Additionally, petitioner is cautioned that a one-year filing deadline applies 28 U.S.C. §2254 motions filed in federal court.[3] Therefore, if Travers intends to file for state post-conviction relief,

---

[3]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> 
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by

2

he should do so as quickly as possible to preserve his time to file a federal §2254 petition. For these reasons, the court will dismiss the petition without prejudice to its future refiling. A separate order follows.


Filed: March 23, 2007                                  _____/s/_____
                                                       Andre M. Davis
                                                       United States District Judge

---

        such State action;
        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3